305

04:32:32 p.m.    08-26-2011            44 /54

FILED

2012 JAN 11  PM 3: 09

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL DIVISION

LINDA J. LONG,

    Plaintiff,

v.

                             CASE NO.:  11CA-000133

FIA CARD SERVICES, N.A. f/k/a BANK OF
AMERICA, N.A.; and,  WEST ASSET
MANAGEMENT, INC.,

    Defendants.

_____/

### AMENDED COMPLAINT

Plaintiff, LINDA J. LONG ("LONG"), by and through the undersigned counsel, sues the Defendants, FIA CARD SERVICES, N.A. f/k/a BANK OF AMERICA, N.A. ("FIA") and WEST ASSET MANAGEMENT, INC. ("WEST"), and in support thereof respectfully alleges the following:

### JURISDICTION AND VENUE

1.     This is an action brought pursuant to Chapter 559.55 – 559.785, *Florida Statutes,* cited as the Florida Consumer Collector Practices Act ("FCCPA") which prohibits debt collectors from engaging in any conduct which is abusive or harassing.

2.     This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00) exclusive of interest, costs and attorney's fees.

3.     The jurisdiction of this Court arises under Chapter 559, *Florida Statutes.*

4.     The alleged violations described in the Complaint occurred in Lee County, Florida where the Plaintiff resides.

5.     Plaintiff is a debtor and/or alleged debtor as defined by Chapter 559.55(2),



EXHIBIT
1

*Florida Statutes.*

 6.  FIA is a "debtor collector" pursuant to the FCCPA.

 7.  WEST is a "debtor collector" pursuant to the FCCPA.

 8.  FIA is a corporate entity responsible for attempting to collect a consumer debt from Plaintiff and is transacting business in the State of Florida.

 9.  WEST is a corporate entity responsible for attempting to collect a consumer debt from Plaintiff and is transacting business in the State of Florida.

## FACTS COMMON TO ALL COUNTS

 10.  FIA consented to and has knowledge and control of the collection activities of its agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors (specifically including WEST).

 11.  WEST consented to and has knowledge and control of the collection activities of its agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors.

 12.  FIA has a business practice to collect debts directly through WEST from individuals that they know do not owe the debts.

 13.  FIA has an agreement with WEST to collect the deceased accounts from individuals who just lost a loved one although FIA knows these individuals do not legally owe these debts.

 14.  FIA and WEST have an agreement that benefits FIA financially for using WEST to collect deceased accounts.

2

15.    FIA and WEST attempt to make individuals who just lost a loved one to make a "morality payment."

16.    FIA and WEST have a business practice of attempting to collect payments of deceased accounts from living family members.

17.    FIA and WEST, in despicable fashion, intentionally prey upon the emotions of individuals who just lost a loved one and make them pay for debts they do not owe.

18.    FIA directly and indirectly communicated with the Plaintiff through WEST in an attempt to collect a debt Plaintiff does not owe.

19.    FIA and WEST entered into an arrangement whereby WEST attempted to collect an alleged debt of the deceased husband of the Plaintiff, Millard K. Long, (Account Number **99080646) in the approximate amount of $16,651.52 from the Plaintiff.

20.    These collections attempts occurred on behalf of and at the direction of the principal, FIA, thereby making FIA vicariously liable for the acts of its agent, WEST.

21.    Both FIA and WEST knew that the Plaintiff did not owe this debt. The debt did not belong to the Plaintiff, but rather was owed to FIA by the Plaintiff's deceased husband.

22.    FIA is aware the Plaintiff was never a co-applicant, co-debtor or co-signor and never legally responsible for the debt.

23.    FIA is aware that the Plaintiff was added only as an authorized user on the account.

24.    FIA is aware the Plaintiff never charged any money on her deceased husband's credit card account.

25.    FIA has an illegal routine practice and corporate policy of collecting debts from individuals that are authorized users on credit cards and are not responsible for the debts.

26.     FIA and WEST have intentionally harassed and abused the Plaintiff on numerous occasions in outrageous format by their agents and representatives calling with such frequency as can be reasonably expected to harass the Plaintiff, in attempt to collect an alleged debt belonging to the Plaintiff.

27.     On September 7, 2010, WEST, on behalf of FIA, sent a notice addressed to the deceased to the Plaintiff's address advising that, "as a family member or third party handling the affairs of the decedent, you are not personally responsible to pay this debt." And requesting payment from the Estate of the deceased. A copy of said letter is attached hereto as Exhibit A.

28.     However, beginning in October, 2010, FIA and WEST intentionally harassed and abused the Plaintiff on numerous occasions through its agents and representatives calling the Plaintiff several times during one day and on back to back days with such frequency as can reasonably be expected to harass, including but not limited to calls on October 17, 2010 at 2:22 p.m., November 17, 2010 at 9:44 a.m., November 29, 2010 at 10:30 a.m. and 3:04 p.m., November 30, 2010 at 5:31 p.m., December 1, 2010 at 8:39 a.m., December 6, 2010 at 3:48 p.m., December 7, 2010 at 7:24 p.m. and December 10, 2010 at 1:31 p.m. These actions were taken in an attempt to intimidate the Plaintiff and insinuate that the Plaintiff was obligated to pay her deceased husband's debt.

29.     WEST intentionally harassed and abused Plaintiff through its agents and representatives calling Plaintiff repeatedly, including a collector identified as Jason Shea speaking to Plaintiff on two occasions. On the first occasion, he was nice and assured her that she was not responsible for the debt. On the second occasion, he tried to get her to agree to pay $2,000.00 on her deceased husband's debt and asked her if there was any family member who she could "hit up for money" in an attempt to coerce the Plaintiff to pay her deceased husband's

4

debt.

30.     In 2010, FIA reported to the Credit Reporting Agencies ("CRAs"), including Equifax and TransUnion that the Plaintiff owes FIA $16,651.00. These false statements to the CRAs were made with actual knowledge of their falsity and with reckless disregard for whether they were true or false.

31.     FIA has implemented an illegal routine practice and corporate policy of collecting debts from individuals for deceased accounts by reporting these debts to CRAs.

32.     FIA's reportings were made with malice and willful intent to injure the Plaintiff.

33.     FIA knew Plaintiff did not owe this debt; however, FIA maliciously ruined Plaintiff's credit in an attempt to collect this illegal debt from her and cause emotional distress.

34.     FIA attempts to collect illegal debts by continuously reporting these debts to the Credit Reporting Agencies including but not limited to Equifax and TransUnion.

35.     FIA knowingly and intentionally reported this false debt with a conscious disregard for the Plaintiff's rights.

36.     Because of the stress, anxiety, and embarrassment from the continued calls and threats by the Defendants in an attempt to coerce the Plaintiff to pay a debt, Plaintiff has sustained mental pain and suffering, emotional distress, mental anguish, inconvenience, and loss of capacity for the enjoyment of life. Plaintiff has also suffered damages to her credit, including ruining her otherwise good credit.

37.     FIA's collection harassment described in this Amended Complaint is a state and nationwide procedure and has damaged an unknown amount of individuals.

38.     Plaintiff's damages pursuant to Florida Statutes including § 559.77 have continued and are continuing as of the filing of this complaint.

5

39.     All conditions precedent to the filing of this action has occurred.

## COUNT I
### (Violation of the Florida Consumer Collection Practices Act "FCCPA")
### FIA CARD SERVICES, N.A.

40.     Plaintiff re-alleges paragraphs one (1) through thirty-nine (39) above as if fully set forth herein, and further states:

41.     Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

42.     FIA acknowledged that WEST, its agent, would act on its behalf.

43.     WEST accepted and ratified this agency relationship with FIA.

44.     FIA retained the right to control and exercised such control over the actions of WEST.

45.     FIA thus is vicariously liable for the actions of its agent, WEST.

46.     In addition to being liable for the actions of WEST based upon an agency relationship, FIA also hired and/or contracted WEST to perform an act, specifically the collection of the invalid debt at issue in this case, that it knew to be unlawful and tortuous. In essence, FIA used WEST as an instrumentality for unlawful debt collections, including the debt collection efforts at issue in this case. FIA is thus directly liable for the misconduct of WEST alleged in this case as if it were its own.

47.     FIA has violated *Florida Statute* §559.72(7) by willfully communicating with the alleged debtor with such frequency as can reasonably be expected to harass the debtor or her family.

48.     FIA has violated *Florida Statute* §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the alleged debtor or any member of her

6

family.

49.     FIA has violated *Florida Statute* §559.72(5) by disclosing to a person other than the debtor or her family information affecting the debtor's reputation with knowledge that the other person does not have a legitimate business need for the information.

50.     FIA has violated *Florida Statute* §559.72(9) by claiming, attempting, ore threatening to enforce a debt when such person knows that the debt is not legitimate or asserting the existence of some other legal right when such person knows that the right does not exist.

51.     FIA's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by *Florida Statute* §559.77.

**WHEREFORE,** Plaintiff respectfully request judgment be entered against FIA for statutory damages, actual damages, punitive damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Intentional Infliction of Emotional Distress)
### FIA CARD SERVICES, N.A.

52.     Plaintiff re-alleges paragraphs one (1) through thirty-nine (39) above as if fully set forth herein, and further states:

53.     FIA individually, and through its employees, agents, representatives and collectors, has intentionally inflicted emotional distress on the Plaintiff by its outrageous conduct.

54.     The outrageous conduct as set forth in paragraphs one (1) through thirty-nine (39) herein, were directed at Plaintiff, by and through WEST's employees, agents, apparent agents or other persons acting to benefit and further the interests of FIA, in the course and scope of their

employment or agency with FIA.

55.    As a direct and proximate result of the outrageous acts described in paragraphs one (1) through thirty-nine (39) herein, Plaintiff sustained mental pain and suffering, emotional distress, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.

**WHEREFORE,** Plaintiff respectfully this Honorable Court enter judgment in favor of Plaintiff against FIA for statutory damages, actual damages, punitive damages, enjoinder from further violations, costs, interest, attorney fees, and for such other and further relief as this Honorable Court deems just and proper.

<u>**COUNT III**</u>
**(Florida Common Law Defamation)**
**FIA CARD SERVICES, N.A.**

56.    Plaintiff reiterates and incorporates the allegations of paragraphs one (1) through thirty-nine (39)  above as if fully alleged herein and further states:

57.    FIA, individually, and through its employees, agents, representatives and collectors, willfully and maliciously made false statements to various credit reporting agencies regarding the Plaintiff's non-payment of a disputed debt despite even though it was aware that the debt at issue was disputed and belonged solely to the Plaintiff's deceased husband.

58.    As set forth in paragraphs one (1) through thirty-nine (39) above, at the time that FIA, filed the false report with the various credit reporting agencies, FIA knew about the Plaintiff's dispute of the charges to the account and knew the statements that it reported to the various credit reporting agencies to be false.

59.    FIA, individually, and through its employees, agents, representatives and collectors, filed a false report with the various credit reporting agencies with the willful intent of damaging the Plaintiff's credit history and preventing the Plaintiff from procuring credit.

8

60.    The actions of FIA, individually, and through its employees, agents, representatives and collectors, caused irreparable injury and damage to Plaintiff's credit rating and worthiness.

61.    The false information reported on the Plaintiff's credit report by FIA hindered and continues to hinder the Plaintiff's ability to obtain credit, bank loans and other types of financial credit has been adversely impacted.

**WHEREFORE,** Plaintiff requests this Honorable Court enter judgment in favor of Plaintiff against FIA, for damages, punitive damages, costs, interest, attorney fees, and for such other and further relief this Honorable Court deems just and proper.

<u>COUNT IV</u>
**(Violation of the Florida Consumer Collection Practices Act "FCCPA")**
**WEST ASSET MANAGEMENT, INC.**

62.    Plaintiff re-alleges paragraphs one (1) through thirty-nine (39) above as if fully set forth herein, and further states:

63.    WEST is subject to and must abide by the laws of the State of Florida, including *Florida Statute* § 559.72.

64.    WEST has violated *Florida Statute* §559.72(7) by willfully communicating with the alleged debtor with such frequency as can reasonably be expected to harass the debtor or her family.

65.    WEST has violated *Florida Statute* §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the alleged debtor or any member of her family.

66.    WEST has violated *Florida Statute* §559.72(9) by claiming, attempting, ore threatening to enforce a debt when such person knows that the debt is not legitimate or asserting

9

the existence of some other legal right when such person knows that the right does not exist.

67.      WEST's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by *Florida Statute* §559.77.

**WHEREFORE,** Plaintiff respectfully request this Honorable Court enter judgment in favor of Plaintiff against WEST for statutory damages, actual damages, punitive damages, costs, interest, attorney fees, enjoinder from further violations of these parts, and for such other and further relief as this Honorable Court deems just and proper.

**COUNT V**
**(Intentional Infliction of Emotional Distress)**
**WEST ASSET MANAGEMENT, INC.**

68.      Plaintiff re-alleges paragraphs one (1) through thirty-nine (39) above as if fully set forth herein, and further states:

69.      WEST individually, and through its employees, agents, representatives and collectors, has intentionally inflicted emotional distress on the Plaintiff by its outrageous conduct.

70.      The outrageous conduct as set forth in paragraphs one (1) through thirty-nine (39) herein, were directed at Plaintiff, by and through WEST's employees, agents, apparent agents or other persons acting to benefit and further the interests of FIA, in the course and scope of their employment or agency with FIA.

71.      As a direct and proximate result of the outrageous acts described in paragraphs one (1) through thirty-nine (39) herein, Plaintiff sustained mental pain and suffering, emotional distress, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court enter judgment in favor of Plaintiff against WEST for statutory damages, actual damages, punitive damages, enjoinder from

10

further violations, costs, interest, attorney fees, and for such other and further relief this Honorable

Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, LINDA J. LONG, demands a trial by jury of all issues so triable.

William Peerce Howard, Esquire
Florida Bar #:  0103330
WHoward@ForThePeople.com
Morgan & Morgan, Tampa,  P.A.
One Tampa City Center
201 N. Franklin St., 7th Floor
Tampa, FL 33602
(813) 223-5505 – (813) 223-5402 Fax
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Plaintiff's Amended

Complaint has been served, via facsimile, First Class U.S. Mail, postage prepaid, and e-mail, this

27th day of August, 2011 to:  Dayle M. Van Hoose, Esquire, Sessions, Fishman, Nathan & Israel,

LLC, 3350 Buschwood Park Drive, Suite 195, Tampa, FL 33618.

William Peerce Howard, Esquire