UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LINDA J. LONG,

    Plaintiff,

V.                                               Case No:  2:12-CV-14-FtM-UASPC

FIA CARD SERVICES, N.A. and
WEST ASSET MANAGEMENT,
INC.

    Defendants.

_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This matter comes before the Court on the Plaintiff, Linda Long's Amended Motion for Remand (Doc. #17) filed on February 11, 2012. The Defendant filed its Response in Opposition (Doc. # 19) on February 13, 2012. The Motion was referred to this Court for the issuance of a Report and Recommendation (R & R) on April 4, 2012. The matter is now fully briefed and ripe for the Court's review.

## FACTS

On January 12, 2011, the Plaintiff filed this action in the Twentieth Judicial Circuit in and for Lee County, Florida alleging West Asset and its co-defendant, FIA Card Services, N.A. (FIA), violated the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. § 559.72, *et seq.*, by improperly attempting to collect her deceased husband's debt from her personally. The Plaintiff claims, "FIA and West Asset have intentionally harassed and abused [her] on numerous

1

occasions. . . ." On August 27, 2011, the Plaintiff moved for leave to amend her complaint to include punitive damages under Fla. Stat. § 768.72, including a copy of the proposed amended complaint with her motion. After a December 12, 2011 hearing at which the Plaintiffs proffer of evidence supporting punitive damages was examined, the state court entered a December 19, 2011 order granting the Plaintiff's motion to amend and deeming the proposed amended complaint served with that motion to be "properly filed." On January 10, 2012, West removed this case to federal court upon diversity jurisdiction grounds, citing the state court's December 19, 2011, Order granting leave to amend as the basis for the removal. The instant motion for remand followed.

## **DISCUSSION**

The Plaintiff moves to remand the case to the State Court on two grounds: First, the removal to this Court was untimely; and second, the amount in controversy does not exceed $75,000.00. The Plaintiff also moves for attorney's fees and costs for bringing the Motion. The Defendant West argues the removal was proper.

*(1)Whether the Removal was Timely Filed*

The Plaintiff argues the Defendant's Notice of Removal was untimely filed. The Defendant states the case was timely removed after the Plaintiff was given leave by the State Court to file her Amended Complaint.

Under the terms and conditions of the Statute, a notice of removal of a case from a State Court to this Court must be file within thirty (30) days of the Defendant receiving service. 28 U.S.C. § 1446(b). The Statute reads in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of

2

the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

The Defendant argues that the removal was timely because the Plaintiff amended the Complaint on December 19, 2012, adding punitive damages, which would cause the potential amount in controversy to exceed $75,000.00. The Plaintiff states the removal was untimely because the Defendant filed the removal after the Statute's thirty (30) day deadline had expired from the time the Defendant ascertained or had notice of the proposed Amended Complaint. The Plaintiff argues that the Defendant knew for several months in advance that the Plaintiff would amend and seek punitive damages and therefore, had prior knowledge that the case would be amended. The Plaintiff severed the Defendant with copy of the Amended Complaint on August 27, 2011, prior to the State Court issuing a ruling granting leave to amend.

The Plaintiff argues from <u>Williams v Heritage Operating, L.P.</u>, 2007 WL 2729652 * 2 (M.D. Fla. 2007), that the removal was untimely because the Defendant removed the case thirty days after having received a copy of the proposed Amended Complaint. In <u>Williams</u>, the plaintiff served the defendant with a copy of the proposed complaint prior to the actual filing of the amended complaint with the court. The <u>Williams</u> Court held that

> The Court finds that even if Defendant had not already waived its right to removal, Defendant certainly was able to ascertain that the case had become removable by May 3, 2007, when it received Plaintiff's motion to amend. Plaintiff's motion to amend served as a trigger placing Defendant on notice that the thirty day clock had commenced, as demonstrated by the language of the statute. Pease v. Medtronic, Inc., 6 F.Supp.2d 1354, 1358 (S.D. Fla.1998). As such, the Court finds that Defendant's notice of removal filed on June 7, 2007, was untimely. Id.

The Plaintiff argues that since the "thirty day clock" for removal began in Williams after the defendant was served with the Motion to Amend and not when the court issued an order granting leave to amend that the clock began running in this case when the Defendant was served with a copy of the Amended Complaint on August 27, 2011. Thus, the Plaintiff contends that West's January 10, 2012 Notice of Removal was untimely since the Defendant had thirty (30) days from August 27, 2011 to remove the case.

The Defendant argues that the ruling in the Williams case is the minority rule and that the majority of the courts do not trigger the clock on the thirty days until after service of the amended complaint on the Defendant and the court has granted leave to amend. The Defendant argues from Lahey v State Farm Mutual Automobile Ins. Co., 2007 WL 2029334 *2 (M.D. Fla. July 11, 2007). In Lahey, the court found that the clock on filing notice of removal did not start running until after the court had granted leave to file the amended complaint and the defendant was served. The Lahey Court held

> Plaintiffs' argument is unpersuasive. Defendant's removal was timely if made within thirty days after Defendant's receipt of "a copy of the initial pleading setting forth" the bad faith claim. 28 U.S.C. § 1446(b). Plaintiffs' bad faith claim commenced on September 22, 2006, the date the state court authorized Plaintiffs to file the amended complaint adding their bad faith claim. If Plaintiffs' position was correct and notice of Plaintiffs' motion to amend the complaint began the thirty day period, Defendant would be required to remove the bad faith claim to federal court before it was actually filed. It is illogical to require a defendant to remove a case to federal court before the removable claim is actually filed.

4

This Court finds the Lahey Court's decision to be the more persuasive. Starting the clock ticking for removal purposes prior to the Amended Complaint actually being filed with the State Court is not logical since there is no actual pleading to remove. This conclusion is consistent with the rule that the thirty (30) day removal period begins to run from the date of formal service rather than the date a party receives a courtesy copy of the complaint. See Murphy Bros., Inc. v. Michetti Pipe String, Inc., 526 U.S. 344, 350, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999) (requiring removal before formal service would require "one who has not yet lawfully been made a party to an action . . . to decide in which court system the case should be heard.").

In this instance, the Defendant was given a copy of the proposed Amended Complaint on August 27, 2011, yet the State Court did not grant leave to file the Amended Complaint until December 19, 2011. The State Court had a hearing on the matter on December 19, 2011, and at that hearing granted the Plaintiff's motion to amend and then deemed the proposed amended complaint served upon the Defendant. Thus, leave to amend and effectual service wasn't completed until December 19, 2011. On January 10, 2012, West removed this case to Federal Court approximately twenty-one (21) days after the Amended Complaint was officially filed with the State Court. As such, the Court recommends that the removal in this case was timely filed.

### *(2) Whether the Amount in Controversy Exceeds $75,000.00*

District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between

5

. . . citizens of different States . . . ." 28 U.S.C. § 1332(a). It is not disputed that the Parties are diverse for the purposes of the Court's jurisdiction.

The Defendant argues the Plaintiff has yet to set an amount of damages because she is attempting to "hide the ball" and prevent the Court from determining an approximate amount in controversy to defeat federal diversity jurisdiction. The Defendant states the Eleventh Circuit has held that the Plaintiff cannot "hide the ball" by artfully pleading the complaint so as to not specify the approximate value of the damages. See Roe v. Michelin North America, 613 F.3d 1058, 1064 (11th Cir. 1990).

However, in this instance the FCCPA gives the Court some direction in determining damages. The FCCPA, limits damages to $1000.00 per defendant. In this case, the claimed damages only amount to $2,000.00, since there are only two defendants. The Defendant further acknowledges that it is not uncommon for punitive damages in FCCPA cases to be assessed at approximately $10,000.00 per defendant. See Barker v. Tomlinson, 2006 WL 1679645 *2 (M.D. Fla. June 7, 2006) (awarding $10,000.00 in punitive damages against a collector); Rodriquez v. Fl First Financial Group, Inc., 2009 WL 535980 *2 (M.D. Fla. March 3, 2009)(awarding $10,000.00 in punitive damages where the collector told plaintiff she was going to jail and asked for her address "so I can send a deputy to go have you arrested."). In this case, there are only two defendants so the punitive damages would approximately come to $20,000.00. Added with the $2,000.00 in damages allowed under FCCPA and the total damages for this case could reasonably be estimated at approximately $22,000.00. These numbers--used by the Defendant-- are far below the $75,000.00 need to establish the necessary amount in controversy and create federal diversity jurisdiction.

To compensate for the shortfall in the amount in controversy, the Defendant claims the Court can also consider the Plaintiffs potential attorney's fees claim in calculating the amount in controversy. While courts may use attorney's fees as part of their calculation for making a determination of jurisdiction, in this case the leap is too great. As the Defendants acknowledged in their memorandum of law, the potential actual and punitive damages only amounts to approximately $22,000.00. Thus, the majority of the amount in controversy would be derived from the recovery of potential attorney's fees should the Plaintiff prevail in her case. When the complaint—as the Complaint here—omits a specific allegation as to the amount of damages, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy is adequate." Roe, 613 F.3d at 1062 (citing Felton v Greyhound Lines, Inc., 324 F. 3d 771, 773 (5th Cir. 2003)(holding that the defendant may meet its burden by "establishing that it is facially apparent that the claims exceeded $75,000.00.")(internal quotations omitted). Here, the Defendant has failed to meet its burden that the amount in controversy would exceed $75,000.00.

As such, this case falls short of meeting the amount in controversy needed to establish diversity jurisdiction under 42 U.S.C. § 1332(a). Therefore, it is respectfully recommended that the case be remanded to the Twentieth Judicial Circuit Court in and for Lee County, Florida.

Accordingly, it is now

**RECOMMENDED:**

The Plaintiff, Linda Long's Amended Motion for Remand (Doc. #17) should be **GRANTED** and this case should be **REMANDED** to the State Court for the Twentieth Judicial Circuit in and for Lee County, Florida

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this 11th Day of April, 2012.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record